UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALTOVA, INC. AND ALTOVA GMBH,<br><br>       Plaintiff,<br><br>v.<br><br>EMBARCADERO TECHNOLOGIES,<br>INC.<br><br>       Defendant. | Civil Action No. 12-CV-10983 (GAO)<br><br>**EMBARCADERO TECHNOLOGIES,<br>INC.'S ANSWER, DEFENSES, AND<br>JURY DEMAND** |

Defendant Embarcadero Technologies, Inc. (hereinafter "Embarcadero"), by and through its attorneys, for its Answer to the Complaint filed by Altova, Inc. (hereinafter "Altova, Inc.") and Altova GmbH ("Altova GmbH") (collectively "Altova"), states as follows:

**INTRODUCTION**

Plaintiff's 2-plus page "introduction" is not a "short and plain" statement as required by Federal Rule of Civil Procedure 8(a) but rather is a rambling, accusatory, and unnumbered tome which is not easily dissected to provide discreet admissions and denials.  Embarcadero requests this Court to strike such introduction as failing to comply with Federal Rule of Civil Procedure 8, and to the extent such introduction is not stricken, all averments therein are hereby denied.

/ / /

/ / /

/ / /

## PARTIES

1.      Embarcadero lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in paragraph 1, and therefore denies the averments therein requiring strict proof thereof.

2.      Embarcadero lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in paragraph 2, and therefore denies the averments therein requiring strict proof thereof.

3.      Embarcadero admits the averments contained in paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4.      Embarcadero denies that there are any valid claims made under federal law but does not contest subject matter jurisdiction.

5.      Embarcadero denies that the parties are citizens of different states; indeed, the face of plaintiff's complaint avers that one plaintiff (paragraph 2) and the defendant (paragraph 3) are both citizens of Delaware thus destroying diversity jurisdiction. Embarcadero denies the remaining averments in paragraph 5 of the Complaint.

6.      Embarcadero denies the averments contained in paragraph 6 of the Complaint.

7.      Embarcadero denies that it has committed any unlawful acts in Massachusetts.  Embarcadero admits that it has conducted a nominal amount of activity in the Commonwealth of Massachusetts.  Nonetheless, Embarcadero does not contest personal jurisdiction in this Court.

8.    Embarcadero denies the averments contained in paragraph 8 of the Complaint.

## FACTUAL BACKGROUND

### Altova

9.    Embarcadero lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in paragraph 9, and therefore denies the averments in paragraph 9 requiring strict proof thereof.

10.   Embarcadero admits that XML is a common acronym used to refer to "Extensible Markup Language."  Embarcadero lacks sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in paragraph 10, and therefore denies the averments therein requiring strict proof thereof.

11.   Embarcadero lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in paragraph 11, and therefore denies the averments therein requiring strict proof thereof.

12.   Embarcadero lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in paragraph 12, and therefore denies the averments therein requiring strict proof thereof.

13.   Embarcadero lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in paragraph 13, and therefore denies the averments therein requiring strict proof thereof.

/ / /

/ / /

14.     Embarcadero lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in paragraph 14, and therefore denies the averments therein requiring strict proof thereof.

15.     Embarcadero lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in paragraph 15, and therefore denies the averments therein requiring strict proof thereof.

16.     Embarcadero lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in paragraph 16, and therefore denies the averments therein requiring strict proof thereof.

17.     Embarcadero lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in paragraph 17, and therefore denies the averments therein requiring strict proof thereof.

18.     Embarcadero lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in paragraph 18, and therefore denies the averments therein requiring strict proof thereof.

19.     Embarcadero denies the averments contained in paragraphs 19(a)-(f), j and k of the Complaint.  Embarcadero lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in paragraphs 19(g)-(i), and therefore denies same requiring strict proof thereof.   Embarcadero denies all other averments in paragraph 19.

/ / /

/ / /

4

20.     Embarcadero lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in paragraph 20, and therefore denies the averments therein requiring strict proof thereof.

21.     To the extent that the averment in paragraph 21 purports to state a legal principle, no response is necessary or appropriate.  To the extent there are facts contained within the averment in paragraph 21, Embarcadero denies same.

22.     Embarcadero denies that use of the ® symbol imparts actual notice of registration.   Embarcadero denies that it has consistently used the ® symbol next to Altova's marks.  To the extent not admitted, Embarcadero denies the averments contained in paragraph 22 of the Complaint.

23.     Embarcadero met with Altova on or about September 22, 2010 but did not discuss any proposal by Embarcadero to integrate the software sold under the XMLSPY mark into any of Embarcadero's tools.  As such, the averments in paragraph 23 are an intentional statement of false facts without any basis.  Such an averment by counsel, which was obviously done with an adequate investigation required by Federal Rule of Civil Procedure 11, is based upon an attempt by Altova to assert, intentionally and willfully, a false claim against Embarcadero.  To the extent not otherwise denied, Embarcadero denies the averments in paragraph 23.

24.     Embarcadero acknowledges that Alexander Falk of Altova sent an email to Brad Stutner of Embarcadero on April 2, 2012 in which Mr. Falk falsely asserted that Embarcadero was required to have permission from Altova to refer to Altova's products.  Mr. Falk never explained why Altova was exempt from the limitations of the First

Amendment to the U.S. Constitution or why Altova's alleged rights were not limited by the fair use requirements set forth in the law.   To the extent not otherwise denied, Embarcadero denies all remaining averments in paragraph 24.

### Defendant Embarcadero's [Alleged] Unlawful Conduct

25.    Embarcadero denies that Altova is a competitor of Altova in the database tools or modeling markets or with the AppWave virtualization program in issue. Altova's attempt to suggest that the products in issue in this lawsuit somehow compete is intentionally false, is an unlawful attempt to impune Embarcadero, and such false and misleading claim entitles Embarcadero to an award of attorneys' fees under both the Lanham Act and the Copyright Act.   Embarcadero admits that certain of its products, unrelated to the AppWave software, may compete with some of Altova's products.   To the extent not expressly admitted, Embarcadero denies any remaining averments in paragraph 25.

26.    Embarcadero admits that on or about September 25, 2010, Messrs. Falk and Stutner had a meeting.   Altova's averment that the meeting was to seek a partnership to integrate the XMLSPY software into any of Embarcadero's tools, which was obviously done with an adequate investigation required by Federal Rule of Civil Procedure 11, is false and is based upon an attempt by Altova to assert, intentionally and willfully, a false claim against Embarcadero.   Such false claim entitles Embarcadero to attorneys' fees under both the Lanham Act and the Copyright Act.   To the extent not denied, Embarcadero denies any remaining averments of paragraph 26.

/ / /

6

27.     Embarcadero admits that it sought to become a "reseller" of certain of Altova's software products through Embarcadero's planned future online store, and that the parties did not reach agreement due to an inability to come to agreement over margins.  Embarcadero further admits that it does not and has never offered the Altova products for sale in its software store.  Altova's averments are misleading are an improper and unlawful attempt to bring a claim under the Lanham Act and Copyright Act; entitling Embarcadero to attorneys' fees as provided under both Acts.  To the extent not otherwise denied, Embarcadero denies the averments in paragraph 27.

28.     Embarcadero admits that, as part of an overall plan to grow the company through acquisition and unrelated to this lawsuit,  Mr. Strutner sent Mr. Falk an M&A (i.e., confidential) inquiry to see if Altova was interested in becoming part of Embarcadero.  Mr. Falk later thanked Embarcadero for the inquiry but indicated it was not interested in an acquisition by anyone at the time.  To the extent not otherwise denied, Embarcadero lacks sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in paragraph 28, and therefore denies same requiring strict proof thereof.

29.     Embarcadero admits that Mr. Falk sent an email to Mr. Stutner. Embarcadero further admits that Altova's XMLSPY software, like the software of most of publishers, can be virtualized on the AppWave software – as Altova's software can be virtualized on Microsoft's App-V or VMWare's virtualization software and other company's virtualization software.  Embarcadero denies that it created "a special edition of AppWave" for XMLSPY but merely informed the public that XMLSPY could run on

the AppWave platform using common descriptive language recognized in the industry.

Materials which fairly and accurately identify that a third-party product – such as Altova's

products – are entitled to identify the third-party product by its name as provided under

principles of fair use, and non-infringement and as set forth in numerous cases including

*WCVB -TV v. Boston Athletic Association,* 926 F.2d 42 (1st Cir. 1991) and others

("Boston Marathon").  Indeed, virtualization software is like an operating system which

accommodates and runs many software products.  Even Altova's license agreement

expressly allows purchasers and licensees of its software to run the software on

virtualization programs such as AppWave.  As such, Altova's intentionally false and

misleading averments entitle Embarcadero to attorneys' fees as provided under the

Lanham Act and under the Copyright Act.   To the extent, not expressly admitted, all

remaining averments in paragraph 29 are denied.

30.    Embarcadero denies the averment in that it is a gross mischaracterization

of the email.  Indeed, Mr. Strutner's email expressly told Mr. Falk that Embarcadero's use

was a "nominative fair use as permitted under trademark law."   Nonetheless, Mr.

Strutner was willing, as part of a protected compromise (FRE 408) and to maintain

goodwill with Altova, to remove certain references to Altova's products.  Altova's blatant

mischaracterization of Mr. Strutner's email is further evidence of Altova's scheme to

overstep the law, and to engage in trademark misuse, thereby entitling Embarcadero to

attorneys' fees in this matter.   To the extent not otherwise denied, all remaining

averments are denied.

/ / /

31.     Embarcadero admits that Altova, in furtherance of its unlawful scheme to misuse Altova's trademark rights, in face of established law, and in violation of the First Amendment to the U.S. Constitution, wrote to Embarcadero unlawfully threatening and attempting to strongarm Embarcadero into giving up important and substantial legal rights.  This correspondence is further evidence of Altova's improper activities entitling Embarcadero to an award of attorneys' fees.  To the extent not otherwise denied, Embarcadero denies the averments in paragraph 31.

32.     Embarcadero admits that Altova's general counsel sent a letter demanding that Embarcadero undertake many actions that were far in excess of any legal requirements.   While such letter was purported to claim rights under the Trademark and Copyright laws, such letter totally and completely ignored the rights of Embarcadero under fair use/non-infringement law and the First Amendment of the United States Constitution.  To the extent not otherwise denied, Embarcadero denies all other averments in paragraph 32.

33.     Embarcadero admits that it refused to comply with Altova's over-reaching, improper, and legally baseless demands.  Altova's complaint selectively and misleadingly quotes sections of Embarcadero's letter and then does so in violation of Federal Rule of Evidence 408.  Altova, in an attempt to mislead, fails to explain that Embarcadero expressly and emphatically denied Altova's allegations and claims, that Embarcadero explained that all references to Altova's product were consistent with nominative fair use principles, and that the "web pages are clear that AppWave is provided by Embarcadero

/ / /

9

and clearly is not associated with Altova." To the extent any averments in paragraph 33 have not been denied, Embarcadero denies same.

34.   Embarcadero admits that Gast sent an email to Embarcadero on April 19, 2012 but again Altova selectively and misleadingly (and again in violation of FRE 408) quotes from emails. As expressly and emphatically stated by Embarcadero in the emails, Embarcadero was not transforming or distributing Altova's software and was only making legitimate use of Altova's product names to identify Altova's products. Specifically, on April 19, 2012, Embarcadero responded to Altova –

> David,
>
> Tomorrow at 2 pm your time is fine.
>
> There seems to be some confusion here. Our invitation to partner was to join our online marketplace where we would resell third party products. We understand Altova declined to join the marketplace and that is fine. To be clear we were not seeking permission to allow our customers to use AppWave with your products. We are perfectly free to do this. And to repeat what I said in the letter, we are not transforming your software or distributing your software.
>
> Duncan

To the extent there are any averments in paragraph 34 which have not been addressed, Embarcadero denies those.

35.   Altova's averments mis-state the details of the telephone call between counsel on or about April 20, 2012. Embarcadero objects to the averment in that it violates Federal Rule of Evidence 408. Notwithstanding said objection, Embarcadero admits that all of its uses of the Altova Marks were fair and non-infringing uses, all as allowed under the law including under Boston Marathon. In an attempt to compromise,

settle and resolve the dispute as encouraged by Federal Rule of Evidence 408,

Embarcadero offered to cease use of certain fair/non-infringing uses.  To the extent there

are any additional unaddressed averments in paragraph 35, Embarcadero denies same.

### Embarcadero's [Alleged] Wrongful Use of Altova Marks On Its Website

36.    The averments in paragraph 36 are phrased vaguely and impermissibly in

that a denial would cause a negative pregnant.  Such averment is objected to as an

improper averment and should be stricken.   Similarly, Altova's out of context quotation

in the statement – "The video asks the viewer to imagine a scenario in which 'you didn't

have to deal with licensing and installation hassles'" again is an impermissible pleading

seeking to cause a negative pregnant.  What Altova fails to explain in its misleading

averments is that a key point of virtualization software is that it is designed for

"centralized management of software licenses, managing versions of software, and

deployment of software applications, tools and utilities, and for the creation of access,

usage and management reports in connection with licensed software" and that such

virtualization software installs and manages **licensed** copies of third-party software

software - facts that are well-known in the relevant industry by the technically-savvy

users of virtualization software such as AppWave. .  In contrast, Altova's averments

wrongfully assume that Embarcadero needed permission to exercise its rights of fair use

to describe the third-party software that can be virtualized with Embarcadero's AppWave

software, to use a term in a nominative manner, and/or to use a term in a non-infringing

manner.  The images of screenshots contained within the averments of paragraph 36

/ / /

speak for themselves and no further response is needed.  To the extent not denied, Embarcadero denies all remaining averments in paragraph 36.

37.     Embarcadero denies the averments contained in paragraph 37 of the Complaint.

38.     Embarcadero denies the averments contained in paragraph 38 of the Complaint.  Further answering, Embarcadero avers that the primary customers of Embarcadero's AppWave software are technically-savvy IT users of virtualization software who fully and immediately understand the functions, purposes and operation of such software products, and immediately recognize that any use/virtualization of 3rd party software requires validly licensed copies of such software.

39.     Embarcadero denies the averments contained in paragraph 39 of the Complaint.  Further answering, Embarcadero avers that the primary customers of Embarcadero's AppWave software are technically-savvy IT users of virtualization software who fully and immediately understand the functions, purposes and operation of such software products, and immediately recognize that any use/virtualization of 3rd party software requires validly licensed copies of such software.

40.     Altova's averments are misleading and inaccurate.  As shown by the screenshot, Embarcadero states that a user can "Bring Your Own Applications (BYOA)" to the AppWave software, that Embarcadero has a "pre-tested mastering template" which lets the user create an "app" version of the user's software, and that Embarcadero "supports" users in using various commercial software including some of Altova's products.  Such use of the names of Altova's products is in a nominative, fair use and

12

non-infringing manner as allowed under the law – *see* Boston Marathon – and an attempt to preclude third-parties from lawfully doing so constitutes trademark misuse entitling Embarcadero to recover its attorneys' fees in this action.   To the extent not otherwise denied, Embarcadero denies all other averments in paragraph 40.

41.    Altova's averments are misleading and the import is not supported by the screenshot in averment 41.   As shown by the screenshot, Embarcadero states – "The following is a list of commercial applications that we support".   A true and accurate statement that Embarcadero supports several third-party applications is allowable nominative use, a fair use and non-infringing.  Altova's attempt to preclude third-parties, including Embarcadero, from lawfully doing so constitutes trademark misuse entitling Embarcadero to recover its attorneys' fees in this action.   Further, Altova's improper and unlawful attempt to prevent Embarcadero from exercising its legal rights outside of Massachusetts to serve an ulterior purpose of Altova is malicious, willful, intentional conduct entitling Embarcadero to an award of punitive damages.  Further answering, Embarcadero avers that the primary customers of Embarcadero's AppWave software are technically-savvy IT users of virtualization software who fully and immediately understand the functions, purposes and operation of such software products, and immediately recognize that any use/virtualization of 3rd party software requires validly licensed copies of such software.  To the extent not otherwise denied, Embarcadero denies all other averments in paragraph 41.

42.    Embarcadero denies the averments contained in paragraph 42 of the Complaint.

43.     Embarcadero admits that in order to download the AppWave software the user must create an Embarcadero Developer Account.  Embarcadero denies the remaining averments contained in paragraph 43 of the Complaint including, without limitation, the suggestion that a user can download only the AppWave browser software without other parts of the AppWave software.

44.     Embarcadero denies the averments contained in paragraph 44 of the Complaint.

**Embarcadero's [Alleged] Wrongful Use of Altova Marks In Its Advertising**

45.     Embarcadero admits that its AppWave virtualization software works with many popular commercial software titles and that Embarcadero has truthfully and accurately advertised its AppWave software as such.  Embarcadero denies the remaining averments in paragraph 45.

46.     Embarcadero's datasheets do not prominently display XMLSPY but merely include that name among others truthfully and accurately to convey to customers that the identified products run on the AppWave platform.   To the extent not otherwise addressed, Embarcadero denies any remaining averments in paragraph 46.

47.     Altova misrepresents and mischaracterizes Embarcadero's datasheet and intentionally and knowingly takes words out of context.  Embarcadero's AppWave virtualization software is a platform for running software within an organization.  Altova is an experienced software publisher, knowledgeable in the industry and admits, by virtue of its license language permitting virtualization, that it knows the virtualization market. Altova further knows that Embarcadero's primary customers of Embarcadero's AppWave

software are technically-savvy IT users of virtualization software who fully and immediately understand the functions, purposes and operation of such software products and that such products are used in an enterprise environment.  Altova's averment that Embarcadero "broadcast[s] [Altova's] app[s] to others" is a knowing, intentional, willful and malicious false statement.  Moreover, Altova, knowing how virtualization software works, is well aware that virtualization software, including Embarcadero's AppWave software, does not transform, convert, modify Altova's code but merely implements validly licensed software on the AppWave platform.  Altova's statements, suggestions, and innuendo to the contrary evidences Altova's attempt to misuse its claimed trademarks and copyrights and such actions warrant an award of attorneys' fees in Embarcadero's favor.   To the extent not otherwise addressed, Embarcadero denies the remaining averments in paragraph 47.

48.     Embarcadero admits that Spectrum Systems is an independent business reselling Embarcadero's AppWave virtualization software.  Embarcadero is without knowledge or facts sufficient to form a belief as to the truth or falsity of the nature of this third-party advertising.  Further answering, to the extent that Altova is seeking a remedy against an entity not a party to this lawsuit, such entity is an indispensable party and as such the averments in this paragraph 48 are immaterial, irrelevant and should be stricken. Embarcadero denies the remaining averments in paragraph 48.

**Embarcadero's [Alleged] Wrongful Use of Altova Marks In Its AppWave Browser**

49.     Embarcadero denies that its AppWave software "transforms" PC applications.   The AppWave software allows a user to master licensed copies of PC

software to run on the AppWave platform.  Embarcadero admits that a user must install

the AppWave software if he/she want to use it.   Embarcadero further admits that the

AppWave software can be used with many different types and categories of software.

Embarcadero denies all other averments in paragraph 49.

50.     Embarcadero admits that the names of some of the Altova software

products are truthfully and accurately listed under developer tools to the extent that

Embarcadero offered a "template" to assist a user in mastering licensed copies of its

Altova software to run on the AppWave platform/virtualization program.  Users are not

required to use the Embarcadero template but are merely provided an option to assist in

the mastering process.  The screenshot shown in paragraph 50 is the result of a search run

by Altova to obtain a list of the available templates offered by Embarcadero to assist a

user in mastering licensed copies of Altova software.  Embarcadero denies all other

averments of paragraph 50.

51.     Embarcadero admits that the averments of paragraph 51 are one manner in

which a user could master a licensed Altova program to run on AppWave.   Embarcadero

denies the remaining averments in paragraph 51.

52.     Embarcadero admits that it has fairly and accurately used limited

information and material identifying the software, system requirements, the non

availability of a license from Embarcadero, the versions, release dates, and other

information to identify specific Altova products all consistent with nominative, fair and

non-infringing uses allowed under the law.   To the extent not otherwise denied,

Embarcadero denies all remaining averments in paragraph 52.

53.     Embarcadero's template advertising truthfully and accurately identify the versions of third-party software which can be installed with each of Embarcadero's templates.  Embarcadero denies all other averments in paragraph 53.

54.     Embarcadero's AppWave software installs validly licensed versions of third-party software and does not transform software.  If a user does not have a licensed version of certain third-party software, the AppWave program will sometimes present a link to a software publisher, such as Altova, so that the user can purchase the software to be installed.   To the extent the averments in paragraph 54 contend or suggest something additional, such averments are denied.

55.     Embarcadero denies the averments contained in paragraph 55 of the Complaint.

56.     Embarcadero admits that one non-exclusive method of utilizing an Embarcadero template is to select the template, download the installation file and identify a location in AppWave Studio.   However, that method is simply one alternative method of installing and mastering software for the AppWave platform.   To the extent any remaining averments in paragraph 56 are not addressed, they are hereby denied.

57.     Embarcadero denies the averments contained in paragraph 57 of the Complaint.  In fact, the truth is the opposite of Altova's averment.  Embarcadero publicly states that its AppWave software is for the "centralized management of software licenses, managing versions of software, and deployment of software applications, tools and utilities, and for the creation of access, usage and management reports in connection with licensed software".   Altova's willful, intentional and malicious false averment, knowing

full well that Embarcadero's AppWave software acts in a manner totally contrary to the

averment, is a further example of Altova's improper and ulterior motives, is trademark

misuse, is copyright misuse, and entitled Embarcadero to attorneys' fees under both the

Lanham Act and the Copyright Act.

58.     Embarcadero denies the averments contained in paragraph 58 of the

Complaint.  In fact, the truth is the opposite of Altova's averment.  In fact, Embarcadero

publicly states that its AppWave software is for the "centralized management of software

licenses, managing versions of software, and deployment of software applications, tools

and utilities, and for the creation of access, usage and management reports in connection

with licensed software".   Altova's willful, intentional and malicious false averment,

knowing full well that Embarcadero's AppWave software acts in a manner totally

contrary to the averment, is a further example of Altova's improper and ulterior motives,

is trademark misuse, is copyright misuse, and entitled Embarcadero to damages and

attorneys' fees under both the Lanham Act and the Copyright Act.

59.     Embarcadero denies the averments contained in paragraph 59 of the

Complaint.

## Embarcadero's [Alleged] Wrongful Copying of Altova's Copyrighted Images and Text

60.     Embarcadero acknowledges that it has made fair use of certain limited

material in order to truthfully, fairly and accurately identify that certain of Altova's

products can, if the user has the appropriate license, be virtualized to run on

Embarcadero's AppWave software.  The screenshots in averment 60 on their face show

that these screenshots were produced by Altova based upon search terms specially designed to identify Embarcadero templates only for mastering Altova software. Embarcadero further acknowledges that the purported screenshots from the AppWave browser shown in paragraph 60 clearly show and expressly state that Embarcadero does **not** resell Altova licenses.   Embarcadero denies all other averments in paragraph 60.

61.     Embarcadero's use of a minimal and nominal portion of literature relating to certain programs to identify that such programs run on the AppWave platform and to accurately set forth and inform users of the technical requirements and parameters is a fair use.  Embarcadero denies the remaining averments in paragraph 61.

62.     Embarcadero's use of a minimal and nominal portion of literature relating to certain programs to identify that such programs run on the AppWave platform and to accurately set forth and inform users of the technical requirements and parameters is a fair use.  Embarcadero denies the remaining averments in paragraph 62.

63.     Embarcadero lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in paragraph 63, and therefore denies the averments in paragraph 63 requiring strict proof thereof.

64.     Altova as part of its plan to mis-state and misrepresent the true facts in order to create a colorable infringement action – when none exists – again selectively misquotes from Embarcadero's Submissions Policy.  What Altova intentionally failed to reference is the Submissions Policy which states "Any materials **which are found or believed to be an infringement of a third party's rights** will have the body text removed" (emphasis added).  Indeed, the use of material which does not cause confusion,

which is a fair use, which is a nominative use, or which is otherwise non-infringing is by definition outside of the Submissions Policy.  Altova's intentional, willful and malicious attempt to create a case of infringement – when none exists – in an attempt to obtain an advantage to which it is **not** entitled to under the law, demands an award of attorneys' fees in Embarcadero's favor.  To the extent not otherwise denied, Embarcadero denies all other averments in paragraph 64.

65.	Embarcadero denies the averments contained in paragraph 65 of the Complaint.

66.	Embarcadero denies the averments contained in paragraph 66 of the Complaint.

## FIRST CAUSE OF ACTION

### *Federal Trademark Infringement in Violation of Section 32(1) of the Lanham Act*

### (15 U.S.C. §1114)

67.	Embarcadero repeats and incorporates by reference its denials, admissions, and responses to the statements and allegations' contained in paragraphs 1 through 66 of the Complaint as though fully set forth herein.

68.	Embarcadero denies that it has impermissibly used the Altova Marks.  To the extent there are other averments in paragraph 68, such averments are denied.

69.	Embarcadero denies the averments contained in paragraph 69 of the Complaint.

70.	Embarcadero denies the averments contained in paragraph 70 of the Complaint.

71.     Embarcadero denies the averments contained in paragraph 71 of the Complaint.

72.     Embarcadero denies the averments contained in paragraph 72 of the Complaint.

73.     Embarcadero denies the averments contained in paragraph 73 of the Complaint.

## SECOND CAUSE OF ACTION

### *Federal Unfair Competition in Violation of the Lanham Act*

### (15 U.S.C. §1125)

74.     Embarcadero repeats and incorporates by reference its denials, admissions, and responses to the statements and allegations' contained in paragraphs 1 through 73 of the Complaint as though fully set forth herein.

75.     Embarcadero denies the averments contained in paragraph 75 of the Complaint.

76.     Embarcadero denies the averments contained in paragraph 76 of the Complaint.

77.     Embarcadero denies the averments contained in paragraph 77 of the Complaint.

78.     Embarcadero denies the averments contained in paragraph 78 of the Complaint.

79.     Embarcadero denies the averments contained in paragraph 79 of the Complaint.

80.     Embarcadero denies the averments contained in paragraph 80 of the Complaint.

## THIRD CAUSE OF ACTION

### *Disparagement in Violation of the Lanham Act*

### **(15 U.S.C. §1125(a)(1)(B))**

81.     Embarcadero repeats and incorporates by reference its denials, admissions, and responses to the statements and allegations' contained in paragraphs 1 through 80 of the Complaint as though fully set forth herein.

82.     Embarcadero denies the averments contained in paragraph 82 of the Complaint.

83.     Embarcadero denies the averments contained in paragraph 83 of the Complaint.

84.     Embarcadero denies the averments contained in paragraph 84 of the Complaint.

85.     Embarcadero denies the averments contained in paragraph 85 of the Complaint.

86.     Embarcadero denies the averments contained in paragraph 86 of the Complaint.

/ / /

/ / /

/ / /

/ / /

## FOURTH CAUSE OF ACTION

### *Copyright Infringement*

### (17 U.S.C. §101 et seq)

87.     Embarcadero repeats and incorporates by reference its denials, admissions, and responses to the statements and allegations' contained in paragraphs 1 through 86 of the Complaint as though fully set forth herein.

88.     Embarcadero lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in paragraph 88, and therefore denies the averments in paragraph 88 requiring strict proof thereof.

89.     Embarcadero lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in paragraph 89, and therefore denies the averments therein requiring strict proof thereof.

90.     Embarcadero lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in paragraph 90, and therefore denies the averments therein requiring strict proof thereof.

91.     To the extent the averments in paragraph 91 are legal conclusions and not facts, no response is necessary or appropriate.  To the extent there other averments in paragraph 91, Embarcadero denies such averments.

92.     Embarcadero denies the averments contained in paragraph 92 of the Complaint.

/ / /

/ / /

23

93.     Embarcadero lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in paragraph 93, and therefore denies the averments therein requiring strict proof.

94.     Embarcadero denies the averments contained in paragraph 94 of the Complaint.

95.     Embarcadero denies the averments contained in paragraph 95 of the Complaint.

96.     Embarcadero denies the averments contained in paragraph 96 of the Complaint.

97.     Embarcadero denies the averments contained in paragraph 97 of the Complaint.

98.     Embarcadero denies the averments contained in paragraph 98 of the Complaint.

99.     Embarcadero denies the averments contained in paragraph 99 of the Complaint.

100.    Embarcadero denies the averments contained in paragraph 100 of the Complaint.

/ / /

/ / /

/ / /

/ / /

/ / /

**FIFTH CAUSE OF ACTION**

*Unfair Competition and Trademark Infringement in Violation of*

*Massachusetts Common Law*

101.    Embarcadero  repeats and incorporates by reference its denials,

admissions, and responses to the statements and allegations' contained in paragraphs 1

through 100 of the Complaint as though fully set forth herein.

102.    Embarcadero  lacks sufficient knowledge or information to form a belief

as to the truth of the averments contained in paragraph 102, and therefore denies the

averments therein requiring strict proof thereof.

103.    Embarcadero denies the averments contained in paragraph 103 of the

Complaint.

104.    Embarcadero denies the averments contained in paragraph 104 of the

Complaint.

105.    Embarcadero denies the averments contained in paragraph 105 of the

Complaint.

106.    Embarcadero denies the averments contained in paragraph 106 of the

Complaint.

107.    Embarcadero admits the averments contained in paragraph 107 of the

Complaint.

108.    Embarcadero denies the averments contained in paragraph 108 of the

Complaint.

/ / /

109.    Embarcadero denies the averments contained in paragraph 109 of the Complaint.

110.    Embarcadero denies the averments contained in paragraph 110 of the Complaint.

## SIXTH CAUSE OF ACTION

### *Unfair Competition in Violation of M.G.L. Ch. 93A*

111.    Embarcadero repeats and incorporates by reference its denials, admissions, and responses to the statements and allegations' contained in paragraphs 1 through 110 of the Complaint as though fully set forth herein.

112.    Embarcadero admits the averments contained in paragraph 112 of the Complaint.

113.    Embarcadero denies the averments contained in paragraph 113 of the Complaint.

114.    Embarcadero denies the averments contained in paragraph 114 of the Complaint.

115.    Embarcadero denies the averments contained in paragraph 115 of the Complaint.

116.    Embarcadero denies the averments contained in paragraph 116 of the Complaint.

117.    Embarcadero denies the averments contained in paragraph 117 of the Complaint.

/ / /

## SEPARATELY PLEADED DEFENSES

### FIRST DEFENSE

### (Lack of Infringement of Trademark or Unfair Competition)

118.    Embarcadero has not directly, indirectly, or contributorily infringed or induced infringement of any legitimate trademark rights or unfair competition rights of Altova.

### SECOND DEFENSE

### (Lack of Infringement of Copyright)

119.    Embarcadero has not directly, indirectly, or contributorily infringed or induced infringement of any legitimate copyright rights of Altova.

### THIRD DEFENSE

### (Fair Use)

120.    To the extent that Embarcadero has used any of Altova's trademark or copyright rights, such use was a statutory and/or nominative fair use.

### FOURTH DEFENSE

### (Lack of Actual Confusion)

121.    There has been no actual confusion as to the origin of any goods or services with respect to any activity of Embarcadero and any alleged trademark of Altova.

/ / /

/ / /

/ / /

/ / /

## FIFTH DEFENSE

### (Lack of Likelihood of Confusion)

122.    There is no likelihood that any members of the relevant consuming public will be confused as to the origin of any goods or services with respect to any activity of Embarcadero and any alleged trademark of Altova.

## SIXTH DEFENSE

### (No Actual Injury)

123.    Altova has not suffered any injury in fact, and has not lost any money or property as a result of the alleged actions by Embarcadero.

## SEVENTH DEFENSE

### (Waiver, Laches, Estoppel)

124.    Altova is barred from obtaining relief under the doctrines of waiver, laches estoppel, equitable estoppel, acquiescence, conduct, and/or ratification.

## NINTH DEFENSE

### (Unclean Hands)

125.    Altova is not entitled to seek equitable relief because it comes to the Court with unclean hands.

## TENTH DEFENSE

### (No Damages)

126.    Altova has not been damaged in any amount, manner, or at all by reason of any act of Embarcadero.

/ / /

**ELEVENTH DEFENSE**

**(No Willful Infringement)**

127.    Embarcadero has not willfully, maliciously, or intentionally infringed, directly or indirectly, any legitimate trademark, copyright or unfair competition rights of Altova.

**TWELFTH DEFENSE**

**(Exceptional Case)**

128.    Altova cannot satisfy its burden, in whole or in part, of demonstrating that the present case is an exceptional case.

**THIRTEENTH DEFENSE**

**(Constitutional Right of Free Speech)**

129.    To the extent Embarcadero has made nominal and limited use of Altova's names, marks, and/or materials truthfully and accurately, including to identify Altova, Altova's products, and the specifications and/or features of Altova's products, such use is protected speech including under the First Amendment to the U.S. Constitution.

**FOURTEENTH DEFENSE**

**(Reservation of Rights)**

130.    Embarcadero reserves the right to file such additional defenses as may be appropriate upon completion of its investigation and discovery.

/ / /

/ / /

/ / /

## PRAYER FOR RELIEF

WHEREFORE, Embarcadero requests that the Court grant the following relief:

A.      An Order requiring Altova to pay Embarcadero all damages suffered by

Embarcadero;

B.      An Order requiring Altova to pay Embarcadero all of its costs and

attorneys' fees incurred in this action;

C.      An order denying all relief to Altova under their complaint; and

D.      That Embarcadero have such other and further relief as the Court deems

just and proper.

Dated: October 10, 2012                            Respectfully submitted,

                                                   By: _____
                                                       Neil D. Greenstein (*Pro Hac Vice*)
                                                       TECHMARK
                                                       3525 Del Mar Heights Road, # 780
                                                       San Diego, CA 92130-2122
                                                       Telephone: (858) 704-0515 x303
                                                       Facsimile: (408) 280-2250
                                                       NDG@TechMark.com

                                                   Counsel for Defendant, Embarcadero
                                                   Technologies, Inc.

Local Counsel:

R. David Hosp (BBO# 634091)
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA 02109
Telephone: (617) 570-1000
Facsimile: (617) 523-1231
rhosp@goodwinprocter.com

Of Counsel:

Martin R. Greenstein
TECHMARK
4820 Harwood Road, Suite 200
San Jose, CA 95124
Telephone: (408) 266-4700
Facsimile: (408) 864-2044
MRG@TechMark.com

Counsel for Defendant, Embarcadero Technologies, Inc.

## DEMAND FOR JURY TRIAL

Embarcadero requests a trial by jury on all issues triable of right by jury.


Dated: October 10, 2012                           Respectfully submitted,

                                                  By: _____

                                                  Neil D. Greenstein (*Pro Hac Vice*)
                                                  TECHMARK
                                                  3525 Del Mar Heights Road, # 780
                                                  San Diego, CA 92130-2122
                                                  Telephone: (858) 704-0515 x303
                                                  Facsimile: (408) 280-2250
                                                  NDG@TechMark.com

                                                  Counsel for Defendant, Embarcadero
                                                  Technologies, Inc.

Local Counsel:

R. David Hosp (BBO# 634091)
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA 02109
Telephone: (617) 570-1000
Facsimile: (617) 523-1231
rhosp@goodwinprocter.com

Of Counsel:

Martin R. Greenstein
TECHMARK
4820 Harwood Road, Suite 200
San Jose, CA 95124
Telephone: (408) 266-4700
Facsimile: (408) 864-2044
MRG@TechMark.com

Counsel for Defendant, Embarcadero Technologies, Inc.

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a

party to the within action.  My business address is 3525 Del Mar Heights Road, Suite 780

San Diego, CA 92130-2122.

On October 10, 2012, I served the within document(s): EMBARCADERO

TECHNOLOGIES, INC.'S ANSWER, DEFENSES, AND JURY DEMAND on the

person(s) identified as follows:

| | |
|---|---|
| Jack C. Schecter, Esq.<br>Nicole Rizzo Smith, Esq.<br>SUNSTEIN KANN MURPHY &<br>TIMBERS LLP<br>125 Summer Street<br>Boston, Massachusetts 02110-1618<br>Telephone: (617) 443-9292<br>Facsimile:  (617) 443-0004<br>jschecter@sunsteinlaw.com<br>nsmith@sunsteinlaw.com | Attorneys for Plaintiffs, Altova, Inc. and<br>Altova GmbH |
| R. David Hosp, Esq.<br>Srikanth K. Reddy, Esq.<br>GOODWIN PROCTER LLP<br>Exchange Place<br>53 State Street<br>Boston, MA 02109<br>Telephone: (617) 570-1000<br>Facsimile: (617) 523-1231<br>rhosp@goodwinprocter.com<br>sreddy@goodwinprocter.com | Attorneys for Defendant, Embarcadero<br>Technologies, Inc. |

by placing said items in sealed envelopes, first class mail, postage prepaid, and depositing

said envelopes in a United States Post Office mailbox for mailing.

I declare under penalty of perjury that the above is true and correct.

Executed on October 10, 2012, in San Diego County, California.

Cherie M. Parker